IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JENNIFER and WAYNE STOGSDILL, Individually,
and as Parents, Next Friends, and Natural Guardians
of TAYLOR STOGSDILL, a Minor                                    PLAINTIFFS

V.                              4:08CV00207 JMM

JOHN S. ELKINS, M.D.,
ARKADELPHIA WOMEN'S CLINIC, P.A.,
And JUAN J. ROMAN, M.D.                                         DEFENDANTS

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

Pending is Defendant Juan J. Roman, M.D.'s Motion for Summary Judgment. The Plaintiffs have responded to the motion.

### Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

## Discussion of the Law

Dr. Roman asks the Court to find that Plaintiffs cannot establish their burden of proof under the Arkansas Medical Malpractice Act based upon the opinions of Plaintiffs' experts. Specifically, Dr. Roman contends that the Plaintiffs cannot establish a causal connection between Dr. Roman's actions and Plaintiffs' injuries.

Arkansas Code Section § 16-114-206(a) provides:

(a) In any action for medical injury, when the asserted negligence does not lie within the jury's comprehension as a matter of common knowledge, the plaintiff shall have the burden of proving:
    (1) By means of expert testimony provided only by a medical care provider of the same specialty as the defendant, the degree of skill and learning ordinarily possessed and used by members of the profession of the medical care provider in good standing, engaged in the same type of practice or specialty in the locality in which he or she practices or in a similar locality;
    (2) By means of expert testimony provided only by a medical care provider of the same specialty as the defendant that the medical care provider failed to act in accordance with that standard; and

    (3) By means of expert testimony provided only by a qualified medical expert that

>     as a proximate result thereof the injured person suffered injuries that would not
>     otherwise have occurred.

A.C.A. § 16-114-206.

The Court finds that the Plaintiffs have presented, through the testimony of their experts, genuine issues of material fact as to whether Dr. Roman failed to act in accordance with the standard of care when treating Plaintiffs and whether Dr. Roman's treatment was the proximate cause of the Plaintiffs' injuries.

Accordingly, Defendant Juan J. Roman, M.D.'s Motion for Summary Judgment (Docket # 35) is DENIED.

IT IS SO ORDERED this 5th day of October, 2009.

_____
James M. Moody
United States District Judge