IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JENNIFER and WAYNE STOGSDILL, Individually,
and as Parents, Next Friends, and Natural Guardians
of TAYLOR STOGSDILL, a Minor                                          PLAINTIFFS

V.                                      4:08CV00207 JMM

JOHN S. ELKINS, M.D.,
ARKADELPHIA WOMEN'S CLINIC, P.A.,
And JUAN J. ROMAN, M.D.                                                DEFENDANTS

## ORDER

Pending are the motion in limine of Defendants John S. Elkins, M.D. and the Arkadelphia Women's Clinic, P.A. regarding the exclusion of Dr. Julius Piver's testimony, the exclusion of specific portions of his deposition testimony and the exclusion of portions of Dr. Donald Taylor's deposition testimony. The Plaintiffs have responded.

In the first motion in limine, Defendants argue that Dr. Piver is not qualified to testify as to the standard of care for an obstetrician/gynecologist in Arkadelphia, Arkansas in 2001 because Dr. Piver ceased his obstetric practice in 1980 and because he practiced in metropolitan areas with accessibility to large hospitals and specialty health care providers. However, the Arkansas Supreme Court applies the "locality rule" liberally in medical malpractice cases. "[A]n expert witness in a medical malpractice action does not need to be one who has practiced in the particular locality, or one who is intimately familiar with the practice in it in order to be qualified as an expert." *Slayton v. Brunner,* 633 S.W.2d 29, 30 (Ark. 1982)(citing *Gambill v. Stroud,* 531 S.W.2d 945 (Ark. 1975)).

Dr. Piver testified that he is a board certified obstetrician/gynecologist with 57 years of experience. He has delivered approximately 4,000 babies. He has practiced in Washington,

D.C. and in Laurel, Maryland. The town of Laurel has a population of 70,000 to 80,000 people and a 300 bed hospital facility. Dr. Piver has delivered babies at a small 158 bed hospital in Washington, D.C. Dr. Piver testified that the standard of care for a practicing board certified OB/GYN in Arkadelphia would be the same in Little Rock, Laurel, Bethesda, Rockville, or the outskirts of Washington, D.C. (Piver Depo at p. 135). Although Dr. Piver terminated his obstetrics practice in 1980 when Dr. Elkins was beginning his OB/GYN training, there is no evidence that the standard of care in this area has changed significantly enough to render Dr. Piver incompetent to testify. The Court finds that Dr. Piver is qualified to provide expert testimony as to the standard of care for an obstetrician/gynecologist in Arkadelphia, Arkansas.

The Court makes the following rulings on the deposition testimony of Dr. Piver:

1. The Plaintiffs have withdrawn their objections to Dr. Piver's testimony at pages 56:1-2 and 11; p. 60:22; 89:13; 93:16; 95:2-3; 103:10-11; 120:17; 128:21; 132:14-15; 133:4; and 136:14. Therefore, the objections to this testimony should be deleted.

2. The Court will allow Dr. Piver's testimony at pages 55:2-9; 108:13-16, 18-22; 111:2-22; 112:1-22; 113:1-17, 20-22; 114:1-22; 115:1-8, 10-22; 116:1-14; and 119:5-7, 10 to be included. The testimony at pages 116:19-22; 117:1-22; and 118:1-2, 4 are excluded.

3. The Defendants have withdrawn their objections to Dr. Piver's testimony at pages 36:10-11; 41:6-8; and 127:17-18. Therefore, the objections to this testimony should be deleted.

4. The Court overrules the Defendants' objections to Dr. Piver's testimony at pages 20:22 through 21:8; 24:7-20; 25:12 through 27:11; 30:6-13; 32:17-22; 34:15-22; 50:5-10; 51:5-16; 123:2-10; 125:9-15; and 134:16 through 136:7. Defendants' objection to the testimony at page 126:8 through 127:11 is sustained.

5. Based upon the Court's ruling as to Dr. Piver's competency to testify as to the

standard of care, the objections at page 25:3-10 and 16-20 should be deleted.

The Court makes the following rulings on the deposition testimony of Dr. Taylor:

1. The Court sustains the objections to Dr. Taylor's deposition at pages 83:22 through 85:21. Therefore, this testimony should be deleted.

2. The parties have agreed to exclude the testimony at page 33:16-18 and page 92:8-16.

3. The Court overrules the Defendants' objections to the testimony at page 93:1-10.

In conclusion, the Court Defendants' Motion in Limine regarding Dr. Piver (Docket # 42) is DENIED, Defendants' Motion in Limine regarding the deposition of Dr. Piver (Docket # 50) is GRANTED in part and DENIED in part, Defendants' Motion in Limine regarding the deposition of Dr. Taylor (Docket # 52) is GRANTED in part and DENIED in part.

IT IS SO ORDERED this 14th day of October 2009.

_____
James M. Moody
United States District Judge