**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JENNIFER and WAYNE STOGSDILL, Individually,
and as Parents, Next Friends, and Natural Guardians
of TAYLOR STOGSDILL, a Minor                                          **PLAINTIFFS**

V.                                          **4:08CV00207 JMM**

JOHN S. ELKINS, M.D.,
ARKADELPHIA WOMEN'S CLINIC, P.A.,
And JUAN J. ROMAN, M.D.                                          **DEFENDANTS**

<u>ORDER</u>

Pending are the Plaintiffs' motions in limine regarding collateral sources (Docket # 48),

Defendants' counter-designation (Docket # 63) and the out-of-court statement attributable to Dr.

Roman (Docket # 67), the Defendants' motion regarding Plaintiffs' claimed damages (Docket #

81 and # 86), and Dr. Roman's motion regarding Dr. Andrew Melnyk (Docket # 82) and Second

Motion in Limine (Docket # 106 and # 111).

<u>Collateral Sources</u>

The Plaintiffs ask the Court to instruct the parties not to produce evidence of Plaintiffs'

medical payments made by collateral sources.  The Court finds that the medical expenses paid by

collateral sources should be excluded from evidence.  However, medical expenses reduced by

the Defendants, or as a result of the Defendants' efforts, should be discounted from Plaintiffs'

medical expenses and are not a collateral source.  This motion is GRANTED.

<u>Plaintiffs' Motions in Limine Regarding Defendants' Counter-designation</u>

In their motion, Plaintiffs ask the Court to strike portions of Dr. Howard Homesley's

deposition testimony.  This portion of Plaintiffs' motion is DENIED.

<u>Defendants' Motions Regarding Plaintiffs' Claimed Damages</u>

a.  Defendants ask the Court to exclude Plaintiffs' medical bills at trial.  After review of the record, it appears that the Plaintiffs have provided the Defendants with the medical bills of Jennifer and Taylor Stogsdill.  Although it is helpful to the parties and the Court for plaintiffs to provide itemized statements, failure to do so will not result in exclusion of the evidence.

b.  In the alternative, Defendants ask the Court to exclude Plaintiffs' medical bills until competent medical testimony has been introduced establishing a connection between the expense and the alleged negligence of the Defendants.  Under Arkansas law, expert testimony is not required to prove that the charges were reasonable and necessary.  *See* Ark. Code Ann. § 16-46-107.  If there is a question as to the reasonableness or necessity of a particular charge, the parties are directed to approach the bench.  The Plaintiffs will be required to make a causal connection between the expense and the alleged negligence of the Defendants.  This portion of the motion is DENIED.

Moreover, the Court directs the parties to meet before trial to determine which medical bills can be received into evidence by stipulation.  Although Plaintiffs may argue as to the amount of damages that they seek, they will not be permitted to present the medical bill to the jury until the bill is received into evidence by the Court.

c.  Defendants ask the Court to prohibit the Plaintiffs from seeking damages for Taylor's diminutive size.  This portion of Defendants' motion is DENIED.  Dr. Sudha Reddy is qualified to give her opinions relative to Taylor's size and Drs. Taylor and Melnyk are qualified to provide their testimony as to the cause of Taylor's small size.  Plaintiffs are entitled to argue this theory of damage to the jury.

Defendants ask the Court to exclude evidence of Plaintiffs' mental anguish.  Specifically,

Defendants ask the Court to prohibit Plaintiffs from claiming mental anguish damage on the part of Taylor Stogsdill for her height and weight.  This portion of Defendants' motion is DENIED. The jury will be allowed to determine Taylor's mental anguish damage based upon all of this evidence.  Further, Plaintiffs will be allowed to introduce evidence of, and recover damages for, Taylor's mental anguish associated with her "disfigurement."

The Court will not, however, allow Jennifer and Wayne Stogsdill to introduce evidence of, or recover damages for, their mental anguish over Taylor's health, size, disfigurement, or future problems associated with the alleged negligence of the Defendants.  The present state of Arkansas law does not allow parents to recover damages for their worry over their children's health.  Jennifer Stogsdill may introduce evidence of, and recover for, her mental anguish over her individual health during pregnancy and delivery, but not as a parent.

<u>Dr. Roman's Motion Regarding Dr. Melnyk</u>

The motion is DENIED.  The Court finds that Dr. Melnyk is qualified to give his expert opinion as to causation relating to the administration of Methotrexate and any alleged damages.

<u>Dr. Roman's Second Motion in Limine</u>

Dr. Roman asks the Court to exclude the following testimony:

a.  The Plaintiffs' opinion that Taylor Stogsdill might receive human growth hormone in the future as a result of alleged negligence in this case.  Defendant's motion is GRANTED as to this issue.  Plaintiffs will not be permitted to give this testimony.

b.  Plaintiffs' testimony that Taylor Stogsdill is "fragile," or "frail."  Defendant's motion is DENIED as to this issue.  Plaintiffs my give their impressions of their daughter as long as their testimony is not in the form of a medical diagnosis.

3

c.  Plaintiffs' testimony that Taylor Stogsdill may not be able to have children or any other "unknown" medical, physical or emotional concern.  Defendant's motion is GRANTED as to the parents' fear that Taylor may not be able to have children or other "unknown" future medical issue.

d.  Plaintiffs' testimony regarding Wayne Stogsdill's work with the Boy Scouts. Defendant's motion is DENIED.  The Court notes, however, that the Plaintiff must establish relevance before offering testimony as to Mr. Stogsdill's work with the Boy Scouts.

e.  Testimony regarding Nurse Donna Dunn's "monster" comment.  The Court finds that the statement may be relevant to Jennifer Stogsdill's mental anguish in connection with her pregnancy and delivery.  However, the Court reserves ruling on this issue until trial.  The parties are directed to approach the bench before any mention of this alleged comment.

Similarly, the Court reserves ruling on Plaintiffs' motions in limine regarding the out-of-court statement attributable to Dr. Roman (Docket # 67) until trial.

In conclusion, Plaintiffs' motion in limine regarding  regarding collateral sources (Docket # 48) is GRANTED, Defendants' counter-designation (Docket # 63) is DENIED and the out-of-court statement attributable to Dr. Roman (Docket # 67) is held in abeyance, the Defendants' motion regarding Plaintiffs' claimed damages (Docket # 81 and # 86) is GRANTED in part and DENIED in part, Dr. Roman's motion regarding Dr. Andrew Melnyk (Docket # 82) is DENIED and Second Motion in Limine (Docket # 106 and # 111) is GRANTED in part and DENIED in part.

IT IS SO ORDERED this 16th day of October 2009.


James M. Moody
United States District Judge