IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JENNIFER STOGSDILL, Individually,**                                                    **PLAINTIFF**

**V.**                                            **4:08CV00207 JMM**

**JUAN J. ROMAN, M.D.**                                                                **DEFENDANT**

## ORDER

The Court has reviewed the parties' motions in limine and the corresponding responses. The Court will address Defendant's motion to exclude evidence of Plaintiff's mental anguish over pre-delivery hospitalization and premature birth (# 155) by separate order.

The Court makes the following rulings:

1. In Defendant's First Motion in Limine (#152), he asks the Court to exclude:

    a. Reference to the previous trial- This motion is granted in part and denied in part. The parties should not make reference to the fact that there was a previous trial or a hung jury in the previous trial. However, reference to previous testimony is permissible.

    b. Reference to any medical treatment provided to Taylor Stogsdill- This motion is granted.

    c. Reference to Taylor's size or current deficits- This motion is granted

    d. Reference to Jennifer Stogsdill's opinion, or anyone's opinion, as to Taylor's current deficits- This motion is granted.

    e. Reference to Nurse Donna Dunn's alleged statement to the Stogsdills that it was recommended that Plaintiff have an "immediate abortion"- This motion is granted.

f. Testimony, opinions, or statements, from any witness, including prior expert witnesses, who testified at the last trial but will not be testifying at this trial- This motion is granted.  Experts may rely on hearsay but may not rely on other expert opinions.

g. Hearsay statements of physicians, nurses, or medical technicians who are not providing sworn testimony at this trial- This motion is granted.

h. Reference to a "conspiracy of silence" among Arkansas doctors- This motion is granted.

i. Reference to a "national" standard of care- This motion is granted.

j. Reference that the defense attorneys or their firm specializes in medical malpractice defense- This motion is granted.

k. Reference to the fact that any physician or health care provider has professional liability insurance-  This motion is granted.

l. Any statement to the jury that a verdict for the Plaintiff would have no adverse effect on Dr. Roman-  This motion is granted.

m. Reference to pre-trial motions-  This motion is granted.

n. Questions which would compel Dr. Roman to give expert testimony against himself at trial- This motion is granted.  *See* Ark. Code Ann. § 16-114-207(3).

o. Questions regarding any privileged matters or matters otherwise protected from disclosure by the peer review or quality assurance statutes- This motion is granted.

p. Questions which are inadmissible under *Daubert*- This motion is granted.

q. Medical opinion from Plaintiff- This motion is granted.

2. Dr. Roman's motion in limine to exclude evidence of Nurse Dunn's alleged "monster" comment (# 153) is denied.

4. Dr. Roman's motion to exclude testimony that Methotrexate caused Plaintiff harm (# 157) is denied.

5. Plaintiff's motion to exclude statements and evidence regarding collateral sources (#159) is granted. The Court agrees that the Defendant will be allowed to introduce collateral source evidence if the Plaintiff opens the door to the issue at trial.

6. Plaintiff's motion to exclude evidence of her previous non-suit (# 161) is granted.

7. Plaintiff's motion to exclude testimony that the Defendant's expert donated his fee from this case to a charitable organization (# 163) is granted.

8. Plaintiff's motion to permit out-to-time designation of Mr. Stogsdill's previous trial testimony because he is unavailable (#165) is granted. The Defendant may make counter designations to Mr. Stogsdill's 2009 trial testimony and objections to Plaintiff's designations. Further, the parties may make designations and counter designations to Mr. Stogsdill's 2004 deposition.

9. Plaintiff's motion to allow the voir dire of jurors about their beliefs regarding malpractice verdicts and their effect on insurance rates and health care costs (# 167) is denied to the extent that Plaintiff's voir dire would extend beyond general inquiry into liability insurance as permitted in *Hill v. Billups*, 148 S.W.3d 288 (Ark. App. 2004).

10. Plaintiff's motion to allow testimony about "abortion" advice and "monster" comment from Nurse Dunn (# 169) is denied in part and granted in part. Plaintiff may introduce testimony regarding Nurse Dunn's alleged "monster" comment but may not introduce evidence of, or reference to, Nurse Dunn's alleged abortion recommendation.

The Court notes that many of these motions are subject to reconsideration at trial if the door has been opened to the issue.

IT IS SO ORDERED this 22nd day of September, 2010.

_____
James M. Moody
United States District Judge